UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEILA MARIE HUMPHREY,<br><br>                Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 16-cv-05026 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

After considering and reviewing the record, the Court concludes that the ALJ erred in formulating the residual functional capacity of plaintiff. The Court concludes that the ALJ's limitation in this instance to simple, routine tasks does not account for

plaintiff's difficulties with persistence. Even if a worker is performing simple and routine tasks she still must be able to persist at them and complete them in a reasonable amount of time in order to be able to perform jobs entailing such tasks.  The ALJ's failure to address this potential limitation is not harmless error.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SHEILA MARIE HUMPHREY, was born in 1965 and was 45 years old on the alleged date of disability onset of August 17, 2011 (*see* AR. 169-74). Plaintiff completed the eighth grade in school and has not obtained a GED (AR. 48-49).  Plaintiff has no significant past relevant work (AR. 98), but at the time of the hearing she was helping at her sister's burger restaurant for about 2 hours a day, 4 days a week (AR. 48-49).

According to the ALJ, plaintiff has at least the severe impairments of "Bilateral mild carpal tunnel syndrome, a history of neck strain, a history of open reduction and internal fixation of left Lisfranc fracture, an anxiety disorder, and a bipolar disorder (20 CFR 416.920 (c))" (AR. 18).

At the time of the hearing, plaintiff was living in a house with her 12-year-old son, sister and brother-in-law (AR. 47).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 87-100, 102-16). Plaintiff's requested hearing was held before Administrative Law Judge Jo Hoenninger ("the ALJ") on February 27, 2014 (*see* AR. 36-63). On April 25, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 13-33).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in failing to include in his residual functional capacity finding, all of the limitations assessed by Daniel Scharf, Ph.D.; (2) Whether or not the ALJ improperly rejected the opinion of Joshua W. Russell, M.D.; (3) Whether or not the ALJ improperly rejected the lay witness evidence, and; (4) Whether or not the ALJ improperly rejected plaintiff's testimony (*see* Dkt. 12, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether or not the ALJ erred in failing to include in his residual functional capacity finding, all of the limitations assessed by Daniel Scharf, Ph.D.**

Plaintiff contends that the ALJ erred when reviewing the medical opinion of Dr. Daniel Scharf, PhD (*see* Dkt. 12, pp. 3-5). Specifically, although the ALJ gave Dr. Scharf's opinion "great weight" and found it to be "consistent with the claimant's demonstrated anxiety," the ALJ failed to include all of his opined limitations into plaintiff's residual functional capacity ("RFC"). Defendant contends there is no error because "the ALJ accounted for plaintiff's difficulty with persistence when she limited her to working in jobs involving simple routines, simple instructions, working with few changes to the work setting and few changes to expectations [and] most importantly, the ALJ required any job permit plaintiff to being periodically redirected" (Dkt. 13, p. 13).

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

In addition, according to Social Security Ruling ("SSR") 96-8p, a RFC assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted).

Dr. Scharf examined plaintiff and performed a mental status examination on August 24, 2012 (*see* AR. 346-54). He also performed the Weschler memory scale-fourth edition (WMS- IV) and the trail making test, part A and B (*see id.*). Among other opinions, he opined as follows:

> [Plaintiff] showed moderate to severe difficulties with anxiety during the examination which caused attention and memory problems during the MSE and test administration. . . . . She did report symptoms of anxiety which were evident today on examination. She had difficulties understanding and remembering instructions and sustaining concentration and attention. She would have difficulties with persistence after 15 to 20 minutes.

(AR. 352).

The ALJ gave Dr. Scharf's opinion "great weight" and found it to be "consistent with the claimant's demonstrated anxiety" (AR. 25). However, although the ALJ found that plaintiff could understand and remember simple instructions and complete simple, and routine tasks, and also "may periodically require redirection," the ALJ failed to include in plaintiff's RFC the opinion from Dr. Scharf that plaintiff would have difficulties with persistence after 15 to 20 minutes (*see* AR. 20). This is error because, as noted in the Social Security Rulings, when "the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Even though work that is being performed is simple, a worker still must persist at such simple work in order to be able to perform adequately. The same may be said about following simple instructions and adapting to changing expectations. Without the ability to persist in these simple tasks, the ability to perform them is still limited and should have been addressed in the RFC.

Finally, defendant references the fact that the ALJ included a limitation that plaintiff "may periodically require redirection" (AR. 20). Neither defendant nor the ALJ explains how receiving redirection accommodates for difficulties with persistence in carrying out work tasks. Here, Dr. Scharf opined in narrative form that plaintiff has difficulties understanding and remembering instructions; and has difficulty sustaining concentration and attention; and separately opined in narrative form that plaintiff also would have difficulties with persistence after 15 to 20 minutes (*see* AR. 352). These

clearly are separate and distinct opinions regarding limitations (*see id.*). Defendant's argument to the contrary is unpersuasive.

In *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th Cir. 2009) (unpublished opinion) (memorandum opinion), the Ninth Circuit explained that a RFC limiting a claimant to simple and repetitive tasks only captures relevant limitations when the RFC assessment is consistent with restrictions identified in the doctor's opinion:

> In *Stubbs-Danielson* . . . ., we held that an "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony. *Stubbs-Danielson, supra*, 539 F.3d at 1174. The medical testimony in *Stubbs-Danielson,* however, did not establish any limitations in concentration, persistence and pace. Here, in contrast, the medical evidence, establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace. *Stubbs-Danielson,* therefore is inapposite.

*Brink, supra*, 343 Fed. App'x at 212 (*citing Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

In *Brink*, the court found that the "hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace." *Id.; see also Lubin v. Comm'r. Soc. Sec.,* 507 Fed. App'x. 709, 712 (9th. Cir. 2013) (unpublished opinion) (memorandum opinion) ("Although the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert").

As in *Brink* and *Lubin*, here, the ALJ acknowledged that plaintiff suffered from difficulties in maintaining concentration, persistence or pace, but erred by not including the difficulties with persistence after 15 to 20 minutes into the RFC or the hypothetical to the VE. *See Brink, supra, at 212; Lubin, supra*, 507 Fed. App'x at 712. Here, this is not a case in which a doctor opined in a check-box form that a claimant has moderate problems with concentration, persistence, or pace, but opined in narrative form that said claimant nevertheless could perform simple, repetitive work (*see* AR. 352). *Cf. Stubbs-Danielson, supra*, 539 F.3d at 1173 ("Dr. Eather's report, which [] identified 'a slow pace, both in thinking & actions' and several moderate limitations . . . . ultimately concluded that Stubbs-Danielson retained the ability to 'carry out simple tasks . . . .'"). Instead, Dr. Scharf opined in narrative form that plaintiff has difficulties understanding and remembering instructions and has difficulty sustaining concentration and attention; and separately opined in narrative form that plaintiff also would have difficulties with persistence after 15 to 20 minutes (*see* AR. 352).

The ALJ did not include a limitation of a need for redirection after 15 to 20 minutes, as indicated by Dr. Scharf. Instead, it appears that the ALJ simply neglected to include this particular limitation opined by Dr. Scharf.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ erred when giving great weight to Dr. Sharp's opinion, but failing to include in plaintiff's RFC that plaintiff "would have difficulties with persistence after 15 to 20 minutes" (*see* AR. 352). The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting [Dr. Sharp's opinion regarding persistence difficulties], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). A reasonable ALJ including a limitation in plaintiff's RFC that plaintiff would have difficulties with persistence after 15 to 20 minutes could reach a different disability determination. Therefore, the error is not harmless.

**(2) Whether this matter should be reversed and remanded for further proceedings or with a direction to award benefits.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). The Court already has concluded that the ALJ has failed to provide legally sufficient reasons for rejecting Dr. Scharf's opinion regarding plaintiff's difficulties with persistence after 15 to 20 minutes, *see supra*, Section 1. In fact, the ALJ provided no reason for failing to include this opinion.

As stated by the Ninth Circuit: "Second, we turn to the question whether [or not] further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v.*

*Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen, supra*, 80 F.3d at 1292). The court noted that at this final "stage of the credit-as-true analysis, we do not consider arguments against crediting evidence that the ALJ did not make." *Id.* at 1022 n.29.

Regarding the step two determination about the usefulness of further administrative proceedings, the *Garrison* Court found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the claimant] is not, in fact, disabled." *Id.* at 1021 (footnote omitted). The court noted that simply providing an ALJ with another opportunity to reject evidence is not proper, and concluded as follows:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule forclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the [second] part of the credit-as-true analysis. (Citations to *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility." (citation omitted))).

*Id.* at 1021-22.

Here, the Court concludes that further administrative proceedings on the issue of Dr. Scharf's opinion would not serve a useful purpose. *See Treichler*, 775 F.3d at 1103-04. As noted by defendant, the ALJ summarized and interpreted the conflicting medical

evidence in the record (*see* Dkt. 13, p. 13), and the Court notes that the ALJ discussed in detail in plaintiff's treatment records, the objective evidence, and medical opinion evidence (*see* AR. 21-24, 25-26). In addition, the Court notes that the ALJ already reviewed Dr. Scharf's opinion and, other than the global assessment of functioning, gave "great weight" to Dr. Scharf's report, finding that "it is consistent with the claimant's demonstrated anxiety" (AR. 25). Furthermore, this finding by the ALJ is supported by substantial evidence in the record as a whole. In addition, the ALJ was aware of and noted that Dr. Scharf "opined that the claimant would have difficulties with persistence after 15 to 20 minutes" (*id*.). Therefore, remanding this matter in order to allow the ALJ to revisit the medical opinion of Dr. Scharf is foreclosed by Ninth Circuit case law and the "the objectives of the credit-as-true rule." *Garrison*, 759 F.3d at 1021-22.

However, the Court concludes that, despite plaintiff's argument to the contrary, it is not clear "if the improperly discredited evidence [was] credited as true, [that] the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020. Although plaintiff notes that "vocational expert testimony established that an individual that was off task even 20% of the time would be unable to maintain competitive employment," Dr. Scharf did not opine that plaintiff would be off task 20% of the time, but opined that she would have difficulties with persistence after 15 to 20 minutes (Dkt. 12, p. 5 (citing AR. 62)). The Court is not a finder of fact and it is not the job of the Court to determine if difficulties with persistence after 15 to 20 minutes would result in one being off task 20% of the time or otherwise would render one unable to perform work that exists in significant numbers in the national economy.

Therefore, the third factor in the credit-as-true rule is not met here. *See Garrison*, 759 F.3d at 1020. Hence, this matter must be reversed and remanded to the Administration in order to determine the effect of crediting as true Dr. Scharf's opinion that plaintiff would have difficulties with persistence after 15 to 20 minutes.

(3)  **Whether or not the ALJ improperly rejected the opinion of Joshua W. Russell, M.D.**

The ALJ gave little weight to the opinion of Dr. Russell that plaintiff was limited to only occasional handling, fingering and feeling (AR. 25). The ALJ provided one reason for failing to fully credit this opinion: "because the record contains no objective support to justify a limitation to only occasional handling, fingering and feeling" (*id.*). However, as noted by plaintiff, "Dr. Russell examined [plaintiff] and found she had both positive Phalen's tests and Tinel's tests in her hands bilaterally" (Dkt. 12, p. 5 (citing AR. 358)). Therefore, the Court concludes that the ALJ's finding that the record contains no objective support for a limitation to only occasional handling, fingering and feeling is not based on substantial evidence in the record as a whole.

However, whether or not this medical opinion needs to be revisited by the ALJ depends on the effect of crediting-in-full the opinion from Dr. Scharf that plaintiff would have difficulties with persistence after 15 to 20 minutes, *see supra*, sections 1 and 2. If fully crediting this opinion renders plaintiff unable to perform any work in the national economy, then further analysis as to the remainder of the record would not be necessary. However, as the Court already has concluded that the ALJ erred when analyzing the medical evidence, *see supra*, section 1, if fully crediting the opinion from Dr. Scharf is

not conclusive on the issue of disability, the Court concludes that the opinion of Dr. Russell should be evaluated anew by the ALJ following remand of this matter.

(4) **Whether or not the ALJ improperly rejected the lay witness evidence and if the ALJ improperly rejected plaintiff's testimony.**

Similarly, whether or not the lay witness evidence and plaintiff's allegations need to be evaluated anew following remand of this matter depend on the outcome of crediting fully Dr. Scharf's opinions, *see supra*, sections 1-3. If fully crediting this opinion renders plaintiff unable to perform any work in the national economy, then further analysis as to the remainder of the record would not be necessary. However, if such is not the case, based on the record as a whole, the Court concludes that the lay witness evidence and plaintiff's allegations should be evaluated anew following remand of this matter. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4 (the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of July, 2016.

J. Richard Creatura
United States Magistrate Judge